UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NITOR V. EGBARIN, AND JANET J. EGBARIN<br><br>Plaintiffs,<br><br>v.<br><br>LEWIS, LEWIS & FERRARO LLC, SCOTT F. LEWIS, CLAUDE J. PICARD AND PAULINE M. PICARD<br><br>Defendants. | CASE NO. 3:00 CV 01043 (JCH)<br><br><br><br><br><br><br><br>JULY 26, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF
### MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

The plaintiffs, Nitor V. Egbarin and Janet J. Egbarin, file this memorandum of law in support of motion for leave to file plaintiffs' First Amended Complaint, a copy of which is attached hereto as **Exhibit A**.

1. BACGROUND.

On June 7, 2000, the plaintiffs filed the original complaint.

On March 19, 2001, this matter was stayed because the plaintiffs had filed for bankruptcy at the time.

1

Before the stay was issued the plaintiffs discussed with the defendants counsel, had prepared and were ready to file the amended complaint.

This matter was in an early stage of discovery when it was stayed and no action had been taken since the stay.

The plaintiffs have concurrently with this motion, filed a motion to re-open this matter pursuant to this court's order of March 19, 2001 and because the bankruptcy trustee only recently abandoned its interest in this matter and thus lifted the bankruptcy stay.

## 2. STATEMENT OF CASE.

On or about May 31, 1994, the plaintiffs purchased a residence from the defendants, Claude Picard, "Mr. Picard" and Pauline Picard, "Mrs. Picard." The other defendants, Lewis, Lewis & Ferraro LLC, "Lewis LLC" and Scott F. Lewis, "Scott Lewis" represented the Picards at the closing.

At the closing, the plaintiffs and Pauline Picard signed HUD 1, Statement and certified that the HUD 1 statement is true and accurate. On the HUD 1, there is a warning that "it is a crime to knowingly make false statement to the United States on this or any other similar form. The HUD 1 stated that the purchase price of the residence was $ 300,000, the Picards

2

received $30,000 in deposit monies from the plaintiffs and the lender loaned the balance $270,000.

The defendants prepared and presented documents for a second mortgage and promissory note in the amount of $30,000 which, the plaintiffs signed. However, Mr. and Mrs. Picard intentionally did not disclose in the HUD-1, their interest in the property or their second mortgage and promissory note.

In 1995 and 1996, the defendants, Claude and Pauline Picard, later filed two law suits against the plaintiffs when no payments were made on said promissory note. In those lawsuits, the defendants, Mr. and Mrs. Picard, who were also represented by Lewis LLC and Scott Lewis, prepared signed and filed several affidavits containing material false statements regarding their statements in the HUD-1 statements.

Between 1994 and 2000, the defendants engaged in several other acts of misrepresentations that are fully described in the proposed first amended complaint.

### 3. LAW AND ARGUMENT.

The plaintiff may amend its complaint only upon leave of the court or upon the consent of the opposing party. Fed. R. Civ. P. 15(a). "leave shall be freely given when justice so

3

requires." Id. See also, <u>Rachman Bag Co. v. Liberty Mut. Ins. Co.</u> 46 F.3d 230, 234 (2nd Cir. 1995).

However, a court may exercise its discretion to deny amendment based upon the following factors: undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962).

None of these factors apply in this matter.

First, the plaintiff had prepared this first amended complaint in March 2001 and recalls discussing with the defendants counsel that the plaintiffs would soon file the amended complaint to allege additional claims. These additional claims arise out of the same conduct, transaction or occurrence as set forth in the original pleading.

Secondly, none of the <u>Forman</u> factors apply here in that because of the bankruptcy stay, there was no undue delay. The Stay removed the plaintiffs' control over this matter. Once the stay was lifted, when the bankruptcy trustee abandoned its interest in this case on July 12, 2004, (see attached **Exhibit B**), the plaintiffs promptly filed this motion concurrent with the motion to re-open this matter.

Furthermore, there is no undue prejudice to the defendants. In fact, the defendants filed a motion with this court on March 8 2001 acknowledging that the plaintiffs no longer had control over this matter and for a stay of this matter. See the Defendants' motion attached here as **Exhibit C**.

Also, the plaintiffs recently discussed this matter with counsel for the defendants, Scott Lewis who indicated interest in the court assisting with the settlement of this matter when it is re-opened and when the attached first amended complaint is filed.

Accordingly, the plaintiffs hereby request that this court grants this motion for leave to file the attached amended complaint and deem the attached amended complaint filed upon the grant of this motion.

THE PLAINTIFFS

BY _____
Nitor V. Egbarin, pro se
28 Ely Place
Simsbury, CT   06070
Tel.: (860) 680-1448

BY _____
Janet J. Egbarin, pro se
28 Ely Place
Simsbury, CT   06070
Tel.: (860) 680-1448

**CERTIFICATION**

This is to certify that a copy of the foregoing was on the above date mailed postage prepaid to all counsel of record as follows:

Thomas J. Hagarty, Jr.
Halloran & sage LLP
One Goodwin Square
Hartford, CT 06103

Joseph V. Meaney, Jr.
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114

Michael P. McGoldrick
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114

By _____
Nitor V. Egbarin