and prolonged emotional distress, mental anguish and distress in a sum to be determined by the trier of fact, but for which the plaintiffs are demanding $5,000,000 for Mrs. Egbarin and $5,000,000 for Mr. Egbarin.

**FIFTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

166. The allegations in paragraphs 1-97 inclusive are incorporated herein as if fully set forth herein.

167. This claim is pled against all defendants.

168. The actions of the defendants, as hereinabove described negligently inflicted pain, mental anguish and emotional distress upon the plaintiffs.

169. As a result of the defendants' wrongful conduct of negligent infliction of emotional distress and mental anguish, the plaintiffs have been caused to suffer and did suffer intense and prolonged emotional distress, mental anguish and distress in a sum to be determined by the trier of fact, but for which the plaintiffs are demanding $5,000,000 for Mrs. Egbarin and $5,000,000 for Mr. Egbarin.

**SIXTH CLAIM: TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY**

170. The allegations in paragraphs 1-97 and 102-139 inclusive are incorporated herein as if fully set forth herein.

171. This claim is pled against all defendants.

172. The actions of the defendants as aforesaid, which were in fact continuing and fraudulently concealed, tortiously interfered with the plaintiff's law practice business causing the demise and total destruction of the business and causing other consequential loss to the plaintiff.

173. The defendants were at all times aware of the plaintiff's law practice business which provided contractual legal services to customers.

174. As a result of the actions of defendants as aforesaid, the plaintiffs have suffered injury to their property and business in sum estimated at approximately $10,855,000.

175. Furthermore, as a result of the actions of the defendants as aforesaid, the plaintiffs have been caused to suffer other consequential loss including intense and prolonged emotional

45

distress, mental anguish and distress in a sum to be determined by the trier of fact, but for which the plaintiffs are demanding $5,000,000 for Janet J. Egbarin and $5,000,000 for Nitor V. Egbarin.

**SEVENTH CLAIM: CUTPA, CONNECTICUT UNFAIR TRADE PRACTICES ACT**

176. The allegations in paragraphs 1-97 and 102-139 inclusive are incorporated herein as if fully set forth herein.

177. This claim is pled against all defendants.

178. The actions of the defendants as aforesaid and more particularly described in paragraphs 102-139, were in fact continuing and fraudulently concealed and were fraudulent, immoral, unethical, oppressive or unscrupulous.

179. The aforesaid actions of the defendants offend public policy as it has been established by common law of the state of Connecticut and particularly the tort of misrepresentation, fraud and Professional Rules of Conduct, Rules 3.3(a)(1), 3.3(a)(2), 3.3(a)(4), 4.1(2), 8.4(1), 8.4(2), 8.4(3) &, 8.4(4) and are in violation of the Connecticut General Statutes, §42-110b et seq.

46

180. A copy of this amended complaint has been forwarded to the Attorney General for the State of Connecticut.

181. The defendants were at all times aware of the plaintiff's law practice business which provided contractual legal services to customers.

182. As a result of the actions of defendants as aforesaid, the plaintiffs have suffered injury to their property and business, including the demise and total destruction of the plaintiff's law practice business and, causing other consequential loss to the plaintiffs in sum estimated at approximately $10,855,000.

183. Furthermore, as a result of the actions of the defendants as aforesaid, the plaintiffs have been caused to suffer other consequential loss including intense and prolonged emotional distress, mental anguish and distress in a sum to be determined by the trier of fact, but for which the plaintiffs are demanding $5,000,000 for Janet J. Egbarin and $5,000,000 for Nitor V. Egbarin.

**VI.   DEMAND FOR RELIEF**

WHEREFORE, the plaintiffs request:

1. Judgment for the plaintiffs against each defendant separately;

2. Upon the civil RICO count hereinabove, a money judgment in the amount of $10,855,000 or such other or additional amount as is proved at the trial of this action, which money judgment should be trebled, together with reasonable attorneys'' fees and costs;

3. Upon the fair debt collection practices count hereinabove, a money judgment in the amount of $20,855,000 or such other or additional amount as is proved at the trial of this action, together with additional statutory damages, reasonable attorneys' fees and costs;

4. Upon the fraud count hereinabove, a money judgment in the amount of $10,855,000 or such other or additional amount as is proved at the trial of this action, together with punitive damages in such amount as is deemed appropriate by the trier of fact;

48

5. Upon the intentional and or negligent infliction of emotional distress count hereinabove, a money judgment in the amount of $10,000,000 or such other or additional amount as is proved at the trial of this action;

6. upon the tortuous interference with business expectancy count hereinabove, a money judgment in the amount in excess of $20,855,000.00;

7. Upon the CUTPA count hereinabove, a money judgment in the amount of $20,855,000 or such other or additional amount as is proved at the trial of this action, together with additional punitive damages, reasonable attorneys' fees and costs pursuant to the Connecticut General Statutes, §42-110b and;

8. Any other relief, equitable or legal appropriate to fully remedy the fraudulent and intentional conduct of the defendants.

**VII. JURY DEMAND**

The plaintiffs respectfully request a trial by jury with respect to all issues triable as a matter of right.

Dated this 13th day of September, 2004.

THE PLAINTIFFS

BY _____
Nitor V. Egbarin, pro se
28 Ely Place
Simsbury, CT  06070
Tel.: (860) 680-1448

BY _____
Janet J. Egbarin, pro se
28 Ely Place
Simsbury, CT  06070
Tel.: (860) 680-1448

50

## CERTIFICATION

This is to certify that a copy of the foregoing was on the above date mailed postage prepaid to all counsel of record as follows:

Thomas J. Hagarty, Jr.
Halloran & sage LLP
One Goodwin Square
Hartford, CT 06103

Joseph V. Meaney, Jr.
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114

Michael P. McGoldrick
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114

By _____
Nitor V. Egbarin