UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NITOR V. EGBARIN, <br> AND JANET J. EGBARIN <br>       Plaintiffs, <br><br> v. <br><br> LEWIS, LEWIS & FERRARO LLC, <br> SCOTT F. LEWIS, CLAUDE J. PICARD <br> AND PAULINE M. PICARD <br>       Defendants. | : <br> : CASE NO. 3:00 CV 01043 (JCH) <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : MAY 16, 2005 <br> : |

**ANSWER OF DEFENDANTS CLAUDE J. PICARD AND PAULINE M. PICARD TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I. PRELIMINARY STATEMENT**

    1.      With regard to the allegations contained within Paragraph One of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

**II. JURISDICTION AND VENUE**

    2-5.      With regard to the allegations contained within Paragraphs Two through Five of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

### III. PARTIES

    6-9.        With regard to the allegations contained within Paragraphs Six through Nine of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

    10-11.        Paragraphs Ten and Eleven are denied.

### IV. FACTS

    12.        Paragraph Twelve is denied as stated but it is admitted that the parties signed an agreement dated 9/18/1992.

    13-14.        Paragraphs Thirteen and Fourteen are denied as stated. The document speaks for itself.

    15-19.        Paragraphs Fifteen through Nineteen are denied.

    20.        With regard to the allegations contained within Paragraph Twenty of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

    21-24.        Paragraphs Twenty-One through Twenty-Four are denied.

      25-26.        With regard to the allegations contained within Paragraphs Twenty-Five and Twenty-Six of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

      27-28.        Paragraphs Twenty-Seven and Twenty-Eight are denied as stated. The Sanborn appraisal speaks for itself.

      29.        Paragraph Twenty-Nine is denied.

      30.        Paragraph Thirty is denied as stated. It is admitted that the Defendant built the property without an end customer in line.

      31.        Paragraph Thirty-One is denied as stated. It is admitted that the real estate market was in a downturn in 1991.

      32.        Paragraph Thirty-Two is admitted.

      33-41.        Paragraphs Thirty-Three through Forty-One are denied.

42.    With regard to the allegations contained within Paragraph Forty-Two of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

43.    Paragraph Forty-Three is denied.

44-45.    With regard to the allegations contained within Paragraphs Forty-Four and Forty-Five of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

46-47.    Paragraphs Forty-Six and Forty-Seven are denied.

48-50.    Paragraphs Forty-Eight through Fifty are admitted.

51.    With regard to the allegations contained within Paragraph Fifty-One of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

52-54.    Paragraphs Fifty-Two through Fifty-Four are denied.

55.  With regard to the allegations contained within Paragraph Fifty-Five of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

56-60.  Paragraphs Fifty-Six through Sixty are denied.

61-64.  Paragraphs Sixty-One through Sixty-Four are denied as stated. The HUD-1 document speaks for itself.

65.  Paragraph Sixty-Five is denied as stated. The first payment was not due until the following January.

66.  Paragraph Sixty-Six is admitted.

67-68.  Paragraphs Sixty-Seven and Sixty Eight are denied as stated. Any affidavit executed by the defendants in other actions speaks for itself.

69-70.  Paragraphs Sixty-Nine and Seventy are denied.

71.  Paragraph Seventy-One is denied as stated. Any legitimate transcript of the court proceeding in Superior Court speaks for itself.

72. Paragraph Seventy-Two is denied.

73. Paragraph Seventy-Three is admitted.

74-75. Paragraphs Seventy-Four and Seventy-Five are denied.

76-78. With regard to the allegations contained within Paragraphs Seventy-Six through Seventy-Eight of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

79-93. Paragraphs Seventy-Nine through Ninety-Three are denied.

94-95. Paragraphs Ninety-Four and Ninety-Five are denied as stated. The entire decision of Judge Berger in Superior Court speaks for itself.

96. Paragraph Ninety-Six is denied.

97. With regard to the allegations contained within Paragraph Ninety-Seven of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

## V. CLAIMS

**FIRST CLAIM: RICO, Racketeering Influenced Corrupt Organization**

98. The answers to paragraphs One through Ninety-Seven inclusive are hereby made answers to Paragraph Ninety-Eight as if more fully set forth herein.

99. With regard to the allegations contained within Paragraph Ninety-Nine of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

100-148. Paragraphs One Hundred through One Hundred and Forty-Eight are denied.

**SECOND CLAIM: FDCPA, Fair Debt Collection Practices Act**

149. The answers to paragraphs One through Ninety-Seven and One Hundred and Two through One Hundred and Thirty-Nine inclusive are hereby made answers to Paragraph One Hundred and Forty-Nine as if more fully set forth herein.

150-155. Paragraphs One Hundred and Fifty through One Hundred and Fifty-Five are denied.

**THIRD CLAIM: Fraud**

156.	The answers to paragraphs One through Ninety-Seven and One Hundred and Two through One Hundred and Thirty-Nine inclusive are hereby made answers to Paragraph One Hundred and Fifty-Six as if more fully set forth herein.

157.	With regard to the allegations contained within Paragraph One Hundred and Fifty-Seven of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

158-161.	Paragraphs One Hundred and Fifty-Eight through One Hundred and Sixty-One are denied.

**FOURTH CLAIM: Intentional Infliction of Emotional Distress**

162.	The answers to paragraphs One through Ninety-Seven inclusive are hereby made answers to Paragraph One Hundred and Sixty-Two as if more fully set forth herein.

163.	With regard to the allegations contained within Paragraph One Hundred and Sixty-Three of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

164-165.   Paragraphs One Hundred and Sixty-Four and One Hundred and Sixty-Five are denied.

**FIFTH CLAIM: Negligent Infliction of Emotional Distress**

166.   The answers to paragraphs One through Ninety-Seven inclusive are hereby made answers to Paragraph One Hundred and Sixty-Six as if more fully set forth herein.

167.   With regard to the allegations contained within Paragraph One Hundred and Sixty-Seven of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

168-169.   Paragraphs One Hundred and Sixty-Eight and One Hundred and Sixty-Nine are denied.

**SIXTH CLAIM: Tortious Interference with Business Expectancy**

170.   The answers to paragraphs One through Ninety-Seven and One Hundred and Two through One Hundred and Thirty-Nine inclusive are hereby made answers to Paragraph One Hundred and Seventy as if more fully set forth herein.

171.    With regard to the allegations contained within Paragraph One Hundred and Seventy-One of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

172-175.    Paragraphs One Hundred and Seventy-Two through One Hundred and Seventy-Five are denied.

**SEVENTH CLAIM: CUPTA, Connecticut Unfair Trade Practices Act**

176.    The answers to paragraphs One through Ninety-Seven and One Hundred and Two through One Hundred and Thirty-Nine inclusive are hereby made answers to Paragraph One Hundred and Seventy-Six as if more fully set forth herein.

177.    With regard to the allegations contained within Paragraph One Hundred and Seventy-Seven of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

178-179.    Paragraphs One Hundred and Seventy-Eight and One Hundred and Seventy-Nine are denied.

180.     With regard to the allegations contained within Paragraph One Hundred and Eighty of the Plaintiff's Amended Complaint, the Defendant has insufficient knowledge or information upon which to form a belief and therefore leaves the Plaintiffs to their burden of proof.

181-183.     Paragraphs One Hundred and Eighty-One through One Hundred and Eighty-Three are denied.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs are barred by the applicable statutes of limitations as to each and every count of the complaint.

SECOND AFFIRMATIVE DEFENSE

The allegations of the plaintiff's complaint as to each and every count of the complaint fail to state claims upon which relief can be granted.

THIRD AFFIRMATIVE DEFENSE

The claims asserted by the plaintiffs in each and every count of the complaint are barred by the doctrine of res judicata.

FOURTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs in each and every count of the complaint are barred by the doctrine of collateral estoppel.

FIFTH AFFIRMATIVE DEFENSE

Some or all of allegations in each and every count of the complaint are barred by the doctrine of absolute privilege and/or conditional privilege.

```
                                    DEFENDANTS,
                                    CLAUDE J. AND PAULINE M. PICARD



                              By:_____
                                    Joseph V. Meaney, Jr
                                    Cranmore, FitzGerald & Meaney
                                    49 Wethersfield Avenue
                                    Hartford, CT 06114-1102
                                    Tel: (860) 522-9100
                                    Federal Bar No. CT 04315
```

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, first-class mail, postage pre-paid, on this 16th day of May, 2005.

Nitor V. Egbarin and
Janet J. Egbarin
P.O. Box 230421
Hartford, CT 06123-0421

Nitor V. Egbarin and
Janet J. Egbarin
28 Ely Place
Simsbury, CT 06070

Thomas J. Hagarty, Esq.
Halloran & Sage
Goodwin Square
Hartford, CT 06103

                                              BY:_____
                                                   JOSEPH V. MEANEY, JR.
                                                   Cranmore, FitzGerald & Meaney