UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NITOR V. EGBARIN, | CASE NO. 3:00CV 01043 (JCH) |
| AND JANET J. EGBARIN | |
| Plaintiffs, | |

v.

LEWIS, LEWISE & FERRARO LLC,
SCOTT F. LEWIS, CLAUDE J. PICARD,
AND PAULINE M. PICARD
              Defendants.           February 14, 2006

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION OF MOTION FOR RECONSIDERATION OF RULING REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Claude J. and Pauline M. Picard, hereby set forth their opposition to Plaintiffs,' Nitor V. and Janet J. Egbarin, Motion for Reconsideration of Ruling Regarding Defendant's Motion for Summary Judgment. Summary Judgment was entered for the Defendants on January 30, 2006. Plaintiffs bring their motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7(c).

"A motion to alter or amend judgment may be granted to (1) accommodate an intervening change in law, (2) account for new evidence not available at trial, (3) correct clear errors of law, or (4) prevent manifest injustice." Fed.Rules Civ.Proc.Rule 59(e), 28 U.S.C.A., *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir.1997).

Plaintiffs fail to forward any argument of manifest injustice or clear error of law. Instead, they argue that their deficient briefs should be excused, and they should be afforded another opportunity to persuade the Court. Rule 59(e) does not enable parties to simply try again. Moreover, reconsideration of a previous order is not warranted where parties simply ask the court to change its mind. Fed.Rules Civ.Proc.Rule 59(e), 28 U.S.C.A. *Pettyjohn v. Mission-St. Joseph's Health System, Inc.,* 202 F.R.D. 208 (W.D.N.C., 2001). On Pages 2 and 3 of their Memorandum of Law in Support of the Motion for Reconsideration, Plaintiffs concede that their "briefs in opposition to the Defendants' Motion for Summary Judgment were in some respects deficient in marshalling sufficient argument for the Plaintiffs' cause…" The failure to make sufficient arguments in response to the Defendants' Motion for Summary Judgment does not however, satisfy the strict requirements of Rule 59(e). Plaintiffs fail to show any clear error of law or manifest injustice and their Motion for Reconsideration should be denied as a result.

Furthermore, Plaintiffs claim "that there is sufficient evidence in the record that was overlooked… which might have materially influenced the ruling on the Defendants' Motion for Summary Judgment."  The Plaintiffs offer no argument suggesting that any new evidence has come to light since the time the Court granted Defendants' Motion for Summary Judgment. Instead they claim evidence in the record was overlooked. "A Rule 59 motion is improper if it is based on evidence which could have been submitted prior to the entry of summary judgment." *Publishers Resource v. Walker & Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985). "A Rule 59(e) motion to alter a grant of summary judgment is really a motion to reconsider; such motions serve to correct manifest errors of law or fact, or to present newly discovered evidence, but they cannot be used as a means to introduce evidence that could have been adduced during the pending of the summary judgment motion." *Southwest Suburban Bd. of Realtors v. Beverly Area Planning Ass'n.*  1986 WL 13720, *2 (N.D.Ill.) (N.D.Ill., 1986). As a result, the Plaintiffs fail to meet the strict standard of a Motion to Reconsider.

Finally, the Court's discretion in deciding whether to reopen a case in response to a Motion for Reconsideration arising under rule 59(e) relating to motions to alter or amend judgment is not without limits. "The Court must consider conflicting needs to bring litigation to an end and to render just decisions on the

basis of all of the facts." Fed.Rules Civ.Proc.Rule 59(e), 28 U.S.C.A. *Lavespere v. Niagara Mach. & Tool Works, Inc.* 910 F.2d 167 (C.A.5 (La.), 1990). This is clearly the type of case forbidden in the preceding statement. The Plaintiffs had their opportunity to plead their case and the Court entered Summary Judgment for the Defendants. No new evidence, no intervening changes in law, clear errors, or manifest injustice exist, nor were they argued in the Plaintiffs' Motion to Reconsider as required by Rule 59(e). If the Court were required to reconsider a judgment entered when one party simply disagrees with its effect, as is undoubtedly the instant case, the efficiency of the judicial process would suffer immensely. Therefore, the Plaintiffs' Motion for Reconsideration of Ruling Regarding Defendants' Motion for Summary Judgment should be denied.

        DEFENDANTS
        CLAUDE J. PICARD AND PAULINE
        M. PICARD,


        By, _____

        JOSEPH V. MEANEY, JR
       Cranmore, FitzGerald & Meaney
        49 Wethersfield Avenue
        Hartford, CT 061114

**CERTIFICATION**

I hereby certify that a copy of the foregoing was sent via first class mail, postage prepaid this 14$^h$ day of February, 2006 to all counsel and pro se parties of record, as follows:

Thomas J. Hagarty, Jr.
Halloran & Sage LLP
One Goodwin Square
Hartford, CT 06103

Laura Pascale Zaino
Halloran & Sage LLP
One Goodwin Square
Hartford, CT 06103

Nitor V. Egbarin, pro se
28 Ely Place
Simsbury, CT 06070

Janet J. Egbarin, pro se
28 Ely Place
Simsbury, CT 06070

By: _____

JOSEPH V. MEANEY, JR
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114