UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NITOR EGBARIN, ET AL : | |
|     Plaintiffs : | |
| : | CIVIL ACTION NO. |
| v. : | 3-00-cv-1043 (JCH) |
| : | |
| LEWIS, LEWIS & FERRARO, : | MARCH 10, 2006 |
| LLC, ET AL : | |
|     Defendants : | |

**RULING RE: MOTION FOR RECONSIDERATION [DKT. NO. 73]**

By Ruling dated January 31, 2006 this court granted summary judgment for the defendants, and against the plaintiffs. On February 7, 2006, the plaintiffs moved for reconsideration of that Ruling (Doc. No. 73). All defendants oppose the Motion for Reconsideration.

The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (citations omitted). There are three grounds that justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). That the court overlooked controlling law or material facts may also entitle a party to succeed on a motion to reconsider. Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir.2000) (per curiam) ("To be entitled to reargument, a party must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the underlying motion.") (internal quotation marks omitted).

In support of their motion, the plaintiffs do not argue that there is any manifest in justice, or even a clear error of law. In essence, they claim that the court has overlooked evidence which they had previously brought forward in their original motion papers. In effect, the plaintiffs asked the court to "redo" its opinion. The court does not understand this to be a proper basis upon which to grant a motion to reconsider and to alter its earlier judgment. The court carefully reviewed the record prior to issuing its original opinion. While the court may have erred, the court does not see that anything the plaintiffs have brought to its attention would justify a reconsideration of its original Ruling.

Therefore, the court DENIES plaintiffs' Motion for Reconsideration.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 10th day of March, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge