UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2006 MAR 17 A 11: 46

| | |
|---|---|
| NITOR V. EGBARIN, <br> AND JANET J. EGBARIN <br>    Plaintiffs-Appellants, <br> v. <br><br> LEWIS, LEWIS & FERRARO LLC, <br> SCOTT F. LEWIS, CLAUDE J. PICARD <br> AND PAULINE M. PICARD <br><br>    Defendants-Appellees. | CASE NO. 3:00 CV 01043 (JCH) <br><br><br><br><br><br><br><br> March 17, 2006 |

### PLAINTIFFS'S NOTICE OF APPEAL FROM SUMMARY JUDGMENT

Pursuant to the F.R.A.P 4(a) (1), the plaintiffs, pro se, Nitor V. Egbarin and Janet J. Egbarin, hereby give NOTICE and APPEAL to the United States Court of Appeals for the Second Circuit from the January 30, 2006 adverse decision of the United States District Court for the District of Connecticut (Hall, J.), entering a summary judgment against the plaintiffs and in favor of the defendants, Lewis, Lewis & Ferraro LLC, Scott F. Lewis, Claude J. Picard and Pauline M. Picard.

Plaintiffs, on February 4, 2006 filed a motion for the reconsideration of the adverse decision and on March 10, 2006, the court denied the motion for reconsideration. Plaintiffs now file this Notice of appeal.

### A. BRIEF DESCRIPTION OF CASE

This case arises from a real estate closing transaction on May 31, 1994, between the plaintiffs as buyers, the defendants, Mr. and Mrs. Picard, as sellers and the other defendants as the

1

sellers' attorneys in the transaction, for the sale of 8 Northcliff drive, Bloomfield, Connecticut.

In the transaction, the defendants devised a scheme, Purchase-Price-Fraud Scheme, through which Mr. and Mrs. Picard would obtain $30,000 more than the lending bank for the transaction appraised the Picards' property. The defendants designed a plan to receive the $30,000 in the form of a promissory note and mortgage deed for the $30,000. However, the defendants did not disclose to the lender the existence of the $30,000 promissory note and mortgage deed.

Subsequently, the defendants brought several petitions in the courts in connection with their efforts to collect the $30,000 promissory note and mortgage deed. In these court petitions, the defendants concealed from the courts, in the Collection-Fraud-Scheme, the fact that the defendants illegally obtained the promissory note and statutory mortgage deed for $30,000 and did not disclose to the lender, the existence of that promissory note and mortgage deed.

The defendants also hid from the courts, the fact that the defendants violated residential mortgage law, 18 U.S.C, §1001 when defendants concealed the existence of the promissory note and statutory mortgage deed for $30,000 from the lending bank.

Finally, in the third scheme, the Retaliatory Grievance Scheme, defendants filed false charges and misrepresented facts in grievance proceeding for the purpose of suspending the plaintiff's law license and damaging plaintiffs' business and property in retaliation for the plaintiffs' refusal to pay the $30,000 defendants received from the illegal real estate purchase price scheme.

On June 7, 2000, the plaintiffs brought claims in the district court for the redress of these wrongs under the Racketeering Influenced and Corrupt Organization Act, 18 U.S.C. § 1962 (c), Fair Debt Collection Practices Act 15 U.S.C. § 1692d(2) and U.S.C. § 1692e and under several state causes of action.

On January 30, 2006, the United States District Court for the District of Connecticut (Hall, J.), entered a summary judgment, attached herewith, against the plaintiffs and in favor of the defendants. On March 10, 2006, the court denied plaintiffs' motion for reconsideration of the summary judgment.

## B. ISSUES RAISED FOR APPEAL

The plaintiffs submit that appellate review is appropriate on the merits of the questions enumerated as follows:
1. Whether the district court's interpretation of the definition of "enterprise" under the RICO statute, 18 U.S.C. §1962(c). constituted plain error.

2. Whether the district court erred in concluding that the evidence in the record failed to establish the existence of an "enterprise" under the RICO statute, 18 U.S.C. §1962(c).
3. Whether the district court erred in concluding that the plaintiffs' claims, for purposes of statute of limitations under the FDCPA, 15 U.S.C. §1692, accrued when charges were filed instead of when judgment was entered against the plaintiff.
4. Whether the doctrine of continuing violation apply under the FDCPA, 15 U.S.C. §1692.
5. Whether the district court erred in concluding that the evidence in the record failed to support the application of the continuing violation doctrine to toll the statute of limitation under the FDCPA, 15 U.S.C. §1692.
6. Whether the district court erred in concluding that the evidence in the record, including a November 2000 communication, failed to establish a claim under the FDCPA, 15 U.S.C. §1692d(2) or §1692e.
7. Whether the district court abused its discretion in declining to exercise supplemental jurisdiction over the state law claims, in light of the extensive lapse of time in the pendency of these claims in the district court.
8. Whether the district court erred in denying plaintiffs' motion for reconsideration, in light of the court's conclusion that it may have overlooked evidence in making its original ruling.

THE PLAINTIFFS

BY /s/
Nitor V. Egbarin, pro se
28 Ely Place
Simsbury, CT 06070
Tel.: (860) 680-1448

BY /s/
Janet J. Egbarin, pro se
28 Ely Place
Simsbury, CT 06070
Tel.: (860) 680-1448

## CERTIFICATION

This is to certify that a copy of the foregoing Plaintiffs' Notice of Appeals, attachments and the Civil Appeal Pre-argument Statement, Form C, were on the above date mailed postage prepaid to all counsel of record as follows:

Thomas J. Hagarty, Jr.
Halloran & Sage LLP
One Goodwin Square
Hartford, CT 06103

Laura Pascale Zaino
Halloran & Sage LLP
One Goodwin Square
Hartford, CT 06103

Joseph V. Meaney, Jr.
Cranmore, FitzGerald & Meaney
49 Wethersfield Avenue
Hartford, CT 06114

By /s/
Nitor V. Egbarin